**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **WAYNE WASHINGTON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | |
| ) | **No. 16 C 1893** |
| **CITY OF CHICAGO, et al.,** ) | |
| ) | **No. 16 C 1970** |
| **Defendants.** ) | |
| ) | **Magistrate Judge** |
| ) | **Maria Valdez** |
| ——————————————— ) | |
| ) | |
| **TYRONE HOOD,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | |
| ) | |
| **CITY OF CHICAGO, et al.,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## <u>ORDER</u>

This matter is before the Court on Defendants' Joint Motion Challenging Work-Product Assertion Over the Draft Affidavit of Wayne Washington [Doc. Nos. 119 and 150]. For the reasons that follow, Defendants' motion is denied.

## <u>INTRODUCTION</u>

This case concerns Plaintiffs Tyrone Hood and Wayne Washington's ("Plaintiffs") claims of wrongful conviction against the City of Chicago and its employee officers ("Defendants"). Plaintiffs have nearly identical suits against

Defendants, and the cases have been consolidated for pretrial purposes. Plaintiffs filed a § 1983 action against Defendants alleging that their arrests and convictions for the murder of Marshall Morgan, Jr. were based on fabricated evidence, in particular a false confession made by Plaintiff Washington, which led to their false imprisonments. Prior to their exonerations in 2015, during post-conviction proceedings, counsel for Plaintiff Hood interviewed Washington and drafted an affidavit. Washington signed a final version of the affidavit on February 17, 2009. At issue in Defendants' motion is an unsigned draft ("draft affidavit") of the final affidavit that was included in a production of 7,100 pages of non-privileged documents produced by Plaintiffs on July 21, 2016 in response to Defendants' discovery requests.

On July 31 and August 1, 2018, Defendants took the deposition of Washington. To refresh Washington's recollection of specific questions asked, Defendants attempted to show him a copy of the draft affidavit. Upon reviewing the document, Plaintiffs' counsel stated that it was inadvertently produced work product and immediately asserted work product privilege. The parties agreed to sequester the document and continued Washington's deposition. After the deposition, the parties conferred in an attempt to reach an agreement regarding the work product assertion. On September 5, 2018, Plaintiffs' produced a privilege log identifying the draft affidavit.

Defendants seek to challenge the work product assertion over the draft affidavit. Defendants assert that the draft affidavit is not work product and even if

it were, the protection was waived by Plaintiffs' failure to sufficiently assert work product protection over the document and by their production of it to Defendants. Further, Defendants argue there is a substantial need for the draft affidavit that overcomes any work product protection. Plaintiffs maintain the draft affidavit is work product that was inadvertently produced amongst non-privileged documents.

## DISCUSSION

Federal Rule of Civil Procedure 26(b)(3) defines the scope of the work product protection in this case. Under Rule 26(b)(3), a party ordinarily may not discover "documents and tangible things that are prepared in anticipation of litigation or for trial" by opposing counsel. Such materials may be discoverable, however, if the seeking party "shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." Rule 26(b)(3)(A). The purposes of the work product doctrine are: "(1) to protect an attorney's thought processes and mental impressions against disclosure; and (2) to limit the circumstances in which attorneys may piggyback on the fact-finding investigation of their more diligent counterparts." *Sandra T.E. et. al. v. South Berwyn School District 100*, 600 F.3d 612, 622 (7th Cir. 2010).

Ordinary work product may be discovered if it is otherwise discoverable and the opposing party "shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." Fed. R. Civ. P. 26(b)(3)(A)-(B) (explaining further that if fact work product is ordered to be produced, the court "must protect against disclosure of the

mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation"); *see C. States, S.E. & S.W. Areas Pension Fund v. Blue Sky Heavy Hauling, Inc.*, No. 08 C 3338, 2011 WL 2142816, at *12 (N.D. Ill. 2011); *see also Allen v. Chi. Transit Auth.*, 198 F.R.D. 495, 500 (N.D. Ill. 2001) ("[I]nformation that is merely factual may not be withheld under the umbrella of work product but must be available, if not through the production of otherwise protective documents, then through interrogatories or depositions.").

Work product protection can be waived if disclosed to adversaries or third parties "in a manner which substantially increases the opportunity for potential adversaries to obtain the information." *Walker v. White*, No. 16 C 7024, 2018 WL 2193255, at *1 (N.D. Ill. 2018) (citations omitted). Disclosure of work product is not waived when "(1) the disclosure is inadvertent; (2) the holder of the privilege or protection took reasonable steps to prevent disclosure; and (3) the holder promptly took reasonable steps to rectify the error, including (if applicable) following Fed. R. Civ. P. 26(b)(5)(B)." Fed. R. Civ. P. 502(b).

Although Rule 502 does not define "inadvertent," courts in this district have looked at whether the production was "unintentional." *Walker*, No. 16 C 7024, 2018 WL 2193255, at *3 (citations omitted). "Determining whether a party took reasonable steps to prevent disclosure and to rectify the error requires considering a variety of factors including the procedures followed to avoid producing privileged material, the volume and timing of the production, and overriding issues of

fairness." *In re Testosterone Replacement Therapy Prod. Liab. Litig.*, 301 F. Supp. 3d 917, 924 (N.D. Ill. 2018) (citations omitted).

The Court's *in camera* review shows that the draft affidavit is clearly work product. It was created by Hood's post-conviction counsel in preparation of filing a petition for a new trial. The draft affidavit encompasses counsel's summary of her understanding of the witness' statements as well as notes and strategies on how to proceed. It was compiled for the sole purpose of assisting attorneys in Plaintiffs' cases, and although it contains factual information, it also clearly expresses attorney mental impressions, conclusions, and legal theories about Plaintiffs' post-conviction claims. This Court agrees with other courts that found draft affidavits and communications with counsel relating to affidavits to be covered by the attorney work product doctrine. *See e.g.*, *Domingo v. Donahoe*, No. C–11–05333CRB (EDL), 2013 WL 4040091, at *7 (N.D. Cal. August 4, 2013) (denying motion to compel production of a draft of a declaration); *Business Integration Svcs. Inc. v. AT&T Corp.*, No. 06 Civ. 1863(JGK)(MHD), 2007 WL 2454107, at *1-2 (S.D.N.Y. August 21, 2007) (vacated on other grounds) (denying motion to compel production of drafts of an affidavit of a non-party on the basis that the drafts were protected attorney work product); *1100 West, LLC v. Red Spot Paint and Varnish Co., Inc.*, 2007 WL 2904073, at *1-*3 (S.D. Ind. 2007) (draft of affidavits and notes made to prepare affidavits are privileged).

As a result of this determination, the Court will address the issue of waiver. *See Walker*, No. 16 C 7024, 2018 WL 2193255, at *2.

<u>Waiver</u>

It is undisputed that the draft affidavit was produced to Defendants without any initial claim of work product protection. However, the Court finds that the draft affidavit was inadvertently produced, and Plaintiffs' counsel took reasonable steps to prevent the disclosure and to rectify the error. Plaintiffs' counsel provided an affidavit stating that she supervised the production of documents in response to Defendants' discovery requests and did not learn of the unintentional disclosure of the draft affidavit until Washington's deposition on August 1, 2018.

When Plaintiffs produced the 7,100 pages in response to Defendants' discovery requests, they included a privilege log identifying over 120 pages of documents that were being withheld. They also produced a log for documents that were redacted for privilege. The draft affidavit was not included on these logs, which leads the Court to believe that the disclosure was unintentional. Only one document claimed as privileged or protected slipped through the review of 7,100 disclosed documents. Notably, as soon as counsel learned of the production, she immediately asserted work product privilege, objected to additional questioning, attempted to claw back the document, and produced a privilege log. *Coburn Grp., LLC v. Whitecap Advisors LLC*, 640 F. Supp. 2d 1032, 1041 (N.D. Ill. 2009); *see also In re Testosterone Replacement Therapy Prod. Liab. Litig.*, 301 F. Supp. 3d 917 (N.D. Ill. 2018).

Although Defendants raise several arguments pertaining to timeliness, none are persuasive. Plaintiffs asserted the work product privilege at the exact moment

they learned of the disclosure. There was no delay in the assertion and Plaintiffs promptly provided a privilege log for the document. The Court finds that disclosure of the draft affidavit was inadvertent, Plaintiffs' counsel took reasonable steps to prevent the disclosure, and Plaintiffs' counsel promptly took reasonable steps to rectify the error.

Substantial Need

Because Plaintiff establishes the work product privilege applies, it can still be overcome if the Defendants show: (1) a substantial need for the materials, and (2) an inability to obtain the substantial equivalent of the information without undue hardship. *Caremark, Inc. v. Affiliated Computer Servs., Inc.*, 195 F.R.D. 610, 614 (N.D. Ill. 2000). Defendants seek to question the Plaintiff on the draft affidavit as rebuttal/impeachment evidence that the Plaintiff's claim of fabricated evidence and coercion is untrue. They wish to ask the Plaintiff what he told the drafter of the affidavit, who wrote the affidavit, who was present during the drafting and how many times the Plaintiff met with the author of the affidavit. [Doc. No. 150, p.13].

Here, Defendants fail to show that it has a substantial need for this information and that it is unable without undue hardship to obtain the substantial equivalent of the materials by other means. See Fed. R. Civ. P. 26(b)(3). Generally, seeking to justify substantial need by invoking the need for impeachment or, as Defendants call it, "rebuttal" evidence is not an adequate justification for overcoming the privilege. *Sandra T.E.,* 600 F.3d at 622 (the court has "been extremely reluctant to allow discovery of attorney work product simply as

impeachment evidence.") And, the relevancy of the draft document itself is very limited. It is an unsigned affidavit, not endorsed by the Plaintiff. Seeking to question the Plaintiff on this, as opposed to the signed affidavit the Defendants were able to question Plaintiff at length on, has adequately provided Defendants with a fair opportunity to seek discovery on Plaintiff's endorsed position without impinging on potential attorney-client and work-product information.

If disclosure of the information would reveal counsel's "mental impressions, conclusions, opinions, or legal theories," then Rule 26(b)(3)(B) affords "special protection" and a "far stronger" showing must be made. *Upjohn v. United States*, 449 U.S. 383, 400 (1981) ("Rule 26 accords special protection to work product revealing the attorney's mental processes. . ..."). The Court need not address this based on its ruling that even with the lower standard, there is a lack of substantial justification to overcome the privilege.

## CONCLUSION

For the foregoing reasons, Defendants' Joint Motion Challenging Work-Product Assertion Over the Draft Affidavit of Wayne Washington [Doc. Nos. 119 and 150] is denied.

**SO ORDERED.**                                    **ENTERED:**


**DATE:  December 11, 2018**                _____
                                            **HON. MARIA VALDEZ**
                                            **United States Magistrate Judge**