**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| TYRONE HOOD, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 16 CV 1970 |
| | ) | |
| v. | ) | Honorable Andrea R. Wood |
| | ) | Magistrate Judge Maria Valdez |
| CITY OF CHICAGO, *et al.*, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

# EXHIBIT F

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| TYRONE HOOD | ) | |
| | ) | |
|     Plaintiffs, | ) | |
| | ) | Case No. 16 C 1970 |
| v. | ) | |
| | ) | |
| CITY OF CHICAGO, KENNETH | ) | |
| BOUDREAU, JOHN HALLORAN, | ) | |
| BERNARD RYAN, ROBERT LENIHAN, | ) | Judge Milton Shadur |
| JOHN POLUSZNY, MICHAEL CLANCY, | ) | |
| JOHN BALL, JAMES O'BRIEN, GERALD | ) | |
| CARROLL, ELIZABETH SHINN, JOHN | ) | JURY TRIAL DEMANDED |
| STOUT, AND UNKNOWN EMPLOYEES OF | ) | |
| THE CITY OF CHICAGO, | ) | |
| | ) | |
|     Defendants. | ) | |
| | ) | |
| | ) | |

**PLAINTIFFS TYRONE HOOD'S OBJECTIONS AND
RESPONSES TO DEFENDANT CITY OF CHICAGO'S
FIRST REQUEST FOR PRODUCTION TO PLAINTIFFS**

Plaintiffs Tyrone Hood, by and through his attorneys, Loevy & Lovey, provides the

following objections and responses to Defendant City of Chicago's First Set of Requests for

Production pursuant to Federal Rule of Civil Procedure 34 and by agreement of the parties.

**GENERAL OBJECTIONS**

1.      Plaintiff objects to Defendant's instruction No. 1(b) to the extent that it requires

more information than required by the Seventh Circuit case law to appropriately identify a

document to preserve a claim of privilege.  Specifically, Defendant has included in this particular

instruction a demand that Plaintiff must identify each person who has had a document in their

possession or to whom the "contents of the document have been disclosed."  This request is

1

unduly burdensome and seeks information outside Plaintiff's knowledge and in excess of the information required to identify a privileged document to assert a claim of privilege.

2.      Plaintiff generally objects to Defendant's requests to the extent that it does not provide a reasonable time limit to its requests that is reasonably calculated to elicit information related to the claims and defenses asserted in this case, and therefore can be interpreted to include any and all documents that may have ever existed, which is unreasonable and unduly burdensome.

## DOCUMENTS REQUESTED

1.      Any and all statements of any of the parties, whether written, oral, stenographic, electronically recorded, or otherwise.

**ANSWER:**   Plaintiff objects to this request to the extent that it seeks any documents protected by the attorney-client privilege or the work product doctrine, or by any other applicable privilege.  Plaintiff further objects to this request to the extent that the word "statement" is vague and ambiguous, and can be interpreted to include attorney work product. Plaintiff further objects to the request for "all statements" as seeking irrelevant documents to the extent it is meant to be read as including statements that have nothing to do with the claims or defenses in this case.

Subject to and without waiving the foregoing objections, Plaintiff has produced all documents responsive to this request that are in his possession, custody or control.  *See, e.g.*, HOOD 005938-005956, HOOD 011809-11820, and HOOD 003366-3400, previously produced with Plaintiff's 26(a)(1) disclosures.

2

2.      The statement of any witnesses or person claiming to be a witness, whether written, oral, stenographic, electronically recorded, or otherwise.

**ANSWER:**    Plaintiff objects to this request to the extent that it seeks any documents protected by the attorney-client privilege or the work product doctrine, or by any other applicable privilege.  Plaintiff further objects to this request to the extent that the word "statement" is vague and ambiguous, and can be interpreted to include attorney work product. Plaintiff further objects to the request for statements as seeking irrelevant documents to the extent it is meant to be read as including statements that have nothing to do with the claims or defenses in this case.

Subject to and without waiving the foregoing objections, Plaintiff has produced or is producing herewith all documents responsive to this request that are in his possession, custody or control.  In particular, Plaintiff refers Defendants to Plaintiffs Rule 26(a)(1) disclosures HOOD 000001-003936.  Plaintiff also refers Defendants to HOOD 010270-10271, HOOD 010272-010292 being produced herewith.

3.      The statement of any person, other than your attorney, who has knowledge of this lawsuit, the facts concerning the incidents of which you complain, or the injuries and losses you claim as damages, whether written, oral, stenographic, electronically recorded, or otherwise.

**ANSWER:**    Plaintiff objects to this request to the extent that it seeks any documents protected by the attorney-client privilege or the work product doctrine, or by any other applicable privilege.  Plaintiff further objects to this request to the extent that the word "statement" is vague and ambiguous and can be interpreted to include attorney work product

or to include statements unrelated to the claims or defenses in this case. Finally, Plaintiff objects to this request as redundant and duplicative of Defendant's Requests for Documents Nos. 1 & 2.

Subject to and without waiving the foregoing objections, Plaintiff refers Defendant to his responses to Requests Nos. 1 & 2.

4. Any and all photographs, slides, tapes (video or audio), movies, pictures, drawings, demonstrative exhibits, or other representations of (a) the scene of the occurrences; (b) the parties and witnesses; (c) any physical objects involved; (d) any injuries (physical, mental or emotional) or losses allegedly sustained by the Plaintiffs; (e) any damages claimed, and (f) any other matters relating to the allegations of the complaints.

**ANSWER:** Plaintiff objects that Defendant, in part, seeks information that it in the possession of Defendant, third parties, or is in the public domain, and is thus as easily obtained by Defendant as by Plaintiff. Plaintiff further objects to the request for "all" documents relating to "the parties and witnesses" as seeking irrelevant information to the extent that request is meant to be read as asking for documents that do not relate to the claims or defenses in this case.

Subject to and without waiving the foregoing objections, Plaintiff has produced all documents in his possession, custody or control that he was able to locate after conducting a reasonable search responsive to this request. Plaintiff further refers Defendant to its Rule 26(a)(1) disclosures HOOD1-3940. Investigation continues and Plaintiff will seasonably supplement his response if additional responsive, non-privileged materials are obtained.

5. Any and all medical reports, records, x-rays, files and/or documents relating

to any physical, mental or emotional injuries suffered by the Plaintiffs as a result of the incidents complained of.

**ANSWER:** Plaintiff objects to this request as overly broad and unduly burdensome, and that it seeks material protected by HIPAA, MHDDCA, the psychotherapist-patient privilege, and any other applicable privileges or protections. Plaintiff further objects to the extent that this request seeks materials that are protected from disclosure by the attorney-client privilege or the work product doctrine. Plaintiff finally objects to this request to the extent that Plaintiff does not recall every single doctor that he has ever seen or who treated him nor has Plaintiff sought and obtained every medical record that may exits.

Subject to and without waiving the foregoing objections, Plaintiff has produced all the medical records obtained from his subpoena to IDOC as HOOD 004091-005516. Plaintiff further responds that he will produce responsive, non-privileged documents in his possession, custody, or control, once a protective order is entered in this case. Investigation continues, and Plaintiff will seasonably supplement his production if additional responsive, non-privileged materials are obtained.

6.      Any and all documentation as to the physical, mental or emotional condition of the Plaintiffs prior and subsequent to the alleged occurrences including, *inter alia,* injuries sustained in other accidents or incidents.

**ANSWER:** Plaintiffs objects to this request as unduly burdensome and overly broad in that it seeks "documentation as to the physical, mental or emotional condition" of Plaintiffs prior to 1993, which is over 23 years ago. Plaintiff further objects to this request in that it seeks information that is not likely to lead to admissible evidence, in particular the request that Plaintiff produce "all" records from Plaintiff's entire life.

Plaintiff objects that the term "condition" is undefined and therefore vague and ambiguous. Finally, Plaintiff objects to this request in that it seeks material protected by HIPAA, MHDDCA, the psychotherapist-patient privilege, and any other applicable privileges or protections.

Subject to and without waiving the foregoing objections, Plaintiff will produce any responsive, non-privileged documents in his possession, custody or control one a protective order has been entered in this case.

7.      Any and all bills for medical services, including but not limited to bills from hospitals, clinics, doctors, laboratories, physical therapists and radiologists relating to the incidents complained of.

**ANSWER:**    Plaintiff objects to this request as overly broad and unduly burdensome, and that it seeks material protected by HIPAA, MHDDCA, the psychotherapist-patient privilege as, and any other applicable privileges or protections. Plaintiff further objects to this request as overly broad and unduly burdensome in that is seeks all bills and for medical services without a defined timeframe. Finally, Plaintiff objects to this request to the extent that he does not recall every medical service he has obtained nor has he sought to obtain all his medical records that may exist.

Subject to and without waiving the foregoing objections, Plaintiff will produce any responsive, non-privileged documents in his possession, custody or control one a protective order has been entered in this case.

8.      All documentation of lost wages, earnings, or income allegedly sustained by the Plaintiffs as a result of the incidents or injuries which form the basis for the complaint in this action.

**ANSWER:**  Plaintiff objects to this request to the extent it seeks any document protected by the attorney-client privilege, attorney work product doctrine or any other applicable privilege.

Subject to and without waiving the foregoing objections, Plaintiff will produce all documents in his possession, custody or control that he was able to locate after conducting a reasonable search responsive to this request.  Investigation continues, and Plaintiff will seasonably supplement his production if additional responsive, non-privileged materials are obtained.

9.      Any and all documents, bills or receipts showing expenditures by the Plaintiffs which are claimed as damages in this case, including attorney's bills, and any and all documents relating to or supporting any other claims for damages in this action.

**ANSWER:**   Plaintiff objects to this request to the extent it seeks any document protected by the attorney-client privilege, attorney work product doctrine or any other applicable privilege.

Subject to and without waiving the foregoing objections, Plaintiff will produce any responsive, non-privileged documents if and when he obtains any after conducting a reasonable search.

10.      Any federal and state income tax returns, including W-2 forms, filed by the Plaintiffs or on behalf of the Plaintiffs for any years prior to their arrests in connection

7

with the Marshall Morgan, Jr. homicide in May 1993, and any years since their respective releases from incarceration.

**ANSWER:** Plaintiff objects to this request as unduly burdensome as it seeks his tax returns for the years prior to his arrest in May 1993, which is over twenty-three years ago.

Subject to and without waiving the foregoing objections, Plaintiff will produce his federal and state income tax returns for the years he has filed after his release once the protective order is entered in this case.

11. Any and all documentation regarding insurance coverage (including but not limited to Medicare, Medicaid or other government funded assistance) for any injuries, losses or damages suffered by the Plaintiffs as a result of Defendants' conduct, including, but not limited to, policies, claim forms and correspondence.

**ANSWER:** Plaintiff objects to this request to the extent that is overly broad and unduly burdensome in that it seeks documentation of any and all Plaintiff's insurance coverage including claim forms and correspondence with insurance companies, and it is not reasonably calculated to lead to admissible evidence. Plaintiff also objects to this request as in that it seeks material protected by HIPAA, MHDDCA, the psychotherapist-patient privilege as, and any other applicable privileges or protections. Finally, Plaintiff objects to this request on the grounds of the collateral source doctrine.

Subject to and without waiving the foregoing objections, Plaintiff will produce documents in his possession, custody or control that he was able to locate after conducting a reasonable search responsive to this request.

8

12.     Any and all police reports, records, photos or other documents relating to Plaintiffs' arrests for the murder of Marshall Morgan, Jr. and the investigation of that crime.

**ANSWER:**   Plaintiff objects to this request on the ground that it seeks information that it in the possession of Defendants, third parties, or is in the public domain, and is thus as easily obtained by Defendant as by Plaintiff. Plaintiff further objects to this request to the extent "documents relating to Plaintiff's arrest" includes work product or attorney-client communications or privileged medical and mental health information.

Subject to and without waiving the foregoing objections, Plaintiff has produced all responsive, non-privileged documents responsive to this request that are in his possession, custody and control as part of his Rule 26(a)(1) disclosures. *See* HOOD1427-2108.

13.     Any and all court records, motions, orders, transcripts of proceedings, notes, correspondence, exhibits, or other court documents, including but not limited to, indictments, grand jury testimony, pretrial motion testimony, trial testimony, post-trial proceedings, sentencing, the record on appeal/common law record, post-conviction proceedings, certificate of innocence proceedings, and appeals relating to *People of the State of Illinois v. Wayne Washington and Tyrone Hood,* Circuit Court of Cook County Case No. 93 CR 14676, *People of the State of Illinois v. Wayne Washington,* Circuit Court of Cook County Case No. 93 MC1 124826, and *People of the State of Illinois v. Tyrone Hood,* Circuit Court of Cook County Case No. 93 MC1 _____(sealed).

**ANSWER:**   Plaintiff has produced all non-privileged documents responsive to this request that are in his possession, custody and control as part of his Rule 26(a)(1) disclosures. *See* HOOD1-1426, HOOD2109-3365. Plaintiff also supplements his

9

production responsive to this request. *See* HOOD6219-6403, HOOD7968-8043, HOOD11503-11630. Investigation continues and Plaintiff will seasonably supplement his production if additional responsive, non-privileged materials are obtained.

14.     Any and all documents comprising or relating to Plaintiff Tyrone Hood's motion to expunge and/or seal that was filed in the Circuit Court of Cook County, Illinois, on or about September 10, 2015, and granted on or about November 12, 2015, and any documents received by Plaintiff Hood from the court or any other entity or agency as a result thereof.

**ANSWER:** Plaintiff objects to this request to the extent that it seeks information in the possession of Defendants, third parties, or is in the public domain, and is thus as easily obtained by Defendant as by Plaintiff. Plaintiff further objects to this request to the extent that this request seeks any document protected by the attorney-client privilege, attorney work product doctrine or any other applicable privilege.

Subject to and without waiving the foregoing objections, Plaintiff will produce all non-privileged documents in his possession, custody or control responsive to this request.

15.     Any and all court records, motions, orders, transcripts of proceedings, notes, correspondence, exhibits, or other court documents, relating to *United States of America ex rei. Tyrone Hood v. McAdory,* United States District Court for the Northern District of Illinois, Eastern Division, Case No. 03 C 2709, and *Tyrone Hood v. Uchtman,* United States Court of Appeals, Seventh Circuit, Case No. 04-1580.

**ANSWER:** Plaintiff objects to this request to the extent it seeks any document protected by the attorney-client privilege, attorney work product doctrine or any other

10

applicable privilege. Plaintiff further objects to this request as the non-privileged information sought are publicly available to Defendants via Pacer, third parties, or is in the public domain, and is thus as easily obtained by Defendants as by Plaintiff.

16. Any and all documents comprising or relating to any Freedom of Information ("FOIA") Request made by Plaintiffs or on behalf of Plaintiffs to the Chicago Police Department ("CPD"), or any other entity or organization, and any documents received in response to any FOIA request made by Plaintiffs.

**ANSWER:** Plaintiff objects to this request to the extent it seeks any document protected by the attorney-client privilege, attorney work product doctrine or any other applicable privilege. Plaintiff further objects that the request is overbroad to the extent it seeks documents regarding FOIA requests not related to the claims or defenses in this case.

Subject to and without waiving the foregoing objections, Plaintiff has produced any non-privileged documents responsive to this request within his possession, custody or control as part of his Rule 26(a)(1) disclosures. *See* HOOD1-003940. Plaintiff will seasonably supplement this response by producing any non-privileged documents he receives in the future in response to any FOIA requests that he issues.

17. Any and all documents, police reports, felony review notes, grand jury testimony, photographs, laboratory reports, correspondence, motions, orders, discovery receipts, subpoenas, other court documents, exhibits or tangible things obtained from the Office of the Cook County State's Attorney relating to the investigation, charging and prosecution of Plaintiffs for the murder of Marshall Morgan, Jr. and the underlying criminal

11

proceedings, including but not limited to pre-trial, trial, post-trial, sentencing, appeal, post-conviction, new trial, and certificate of innocence proceedings.

**ANSWER:** Plaintiff has produced documents responsive to this request that are in his possession, custody and control in his Rule 26(a)(1) disclosures. *See* HOOD3366-3400. Plaintiff will seasonably supplement his response upon receipt of additional documents responsive to his subpoena Office of the Cook County State's Attorney's office.

18.     Any and all documents, police reports, photographs, laboratory reports, correspondence, grand jury testimony, motions, orders, discovery receipts, subpoenas, other court documents, exhibits or tangible things obtained from the Cook County Public Defender's Office and the State Appellate Defender's Office relating to the investigation and defense of Plaintiffs for the murder of Marshall Morgan, Jr. and the underlying criminal proceedings, including but not limited to pre-trial, trial, post-trial, sentencing, appeal, post-conviction, new trial, and certificate of innocence proceedings.

**ANSWER:** Plaintiff objects to this request to the extent it seeks any document protected by the attorney-client privilege, attorney work product doctrine or any other applicable privilege.

Subject to and without waiving the foregoing objections, Plaintiff is producing all documents responsive to this request as HOOD PD SUBPOENA RESP 1-2999.

19.     Any and all documents, police reports, photographs, laboratory reports, correspondence, grand jury testimony, motions, orders, discovery receipts, subpoenas, other court documents, exhibits, physical evidence, or tangible things obtained from any private or appointed attorney who represented and/or defended Plaintiffs in the underlying criminal

proceedings for the murder of Marshall Morgan, Jr., including but not limited to pre-trial, trial, post-trial, sentencing, appeal, post-conviction, new trial, petitions for clemency, and certificate of innocence proceedings.

**ANSWER:** Plaintiff objects to this request to the extent it seeks any document protected by the attorney-client privilege, attorney work product doctrine or any other applicable privilege.

Subject to and without waiving the foregoing objections, Plaintiff has produced any non-privileged documents responsive to this request in his Rule 26(a)(1) disclosures, *see* HOOD1-3940 as well as the response to his subpoena to the Cook County Public Defender's Office. *See* HOOD PD SUBPOENA RESP 1-2999. Plaintiff also refers and incorporates herein his responses to Requests Nos. 12-18.

20.    Any and all laboratory reports, analyses, test results, police reports, worksheets, court orders and records, correspondence or other documents relating to the testing and/or analysis of DNA, fingerprints, blood, saliva, hair, other bodily fluids, fibers, and any other materials that were analyzed concerning the murder of Marshall Morgan, Jr., in connection with the Chicago Police Department investigation or any other investigation of the murder, the underlying criminal proceedings, Plaintiffs' appeals, post-conviction proceedings, certificate of innocence proceedings, and Plaintiffs' civil lawsuits against Defendants, including but not limited to any documents received or obtained from the Illinois State Police Division of Forensic Services.

**ANSWER:** Plaintiff objects to this request to the extent it seeks any document protected by the attorney-client privilege, attorney work product doctrine or any other

applicable privilege.

Subject to and without waiving the foregoing objections, Plaintiff has produced all non-privileged documents responsive to this request in his Rule 26(a)(1) disclosures, HOOD1-3940 and *see also* HOOD3941-4090.

21.     Any and all documents obtained from the University of Chicago Law School's Exoneration Project relating to any of the incidents, events or occurrences that form the basis of Plaintiffs' Complaints herein, the underlying criminal proceedings, Plaintiffs' appeals, post- conviction proceedings, petitions for clemency, certificate of innocence proceedings, and Plaintiffs' civil lawsuits against Defendants.

**ANSWER:**     Plaintiff objects to this request to the extent it seeks any document protected by the attorney-client privilege, attorney work product doctrine or any other applicable privilege. Plaintiff further objects to this request as vague and ambiguous.

Subject to and without waiving the foregoing objections, Plaintiff has produced some non-privileged documents responsive to this request in his Rule 26(a)(1) disclosures, *see* HOOD1-3940, and is herewith producing additional responsive non-privileged documents responsive to this request herewith as HOOD5938-13038.

22.     Any and all documents obtained from the Cook County State's Attorney's Conviction Integrity Unit relating to any of the incidents, events or occurrences that form the basis of Plaintiffs' Complaints herein, the underlying criminal proceedings, Plaintiffs' appeals, post-conviction proceedings, petitions for clemency, certificate of innocence proceedings, and Plaintiffs' civil lawsuits against Defendants.

14

**ANSWER:** Plaintiff has produced all documents responsive to this request in his Rule 26(a)(1) disclosures, *see* HOOD3366-3400. Plaintiff will produce additional documents obtained from the Cook County State's Attorney office in response to his subpoena once he has received them.

23.     Any and all documents, police reports, medical reports, photographs, laboratory reports, forensic reports, correspondence, exhibits, court filings, insurance reports and records, employment records, physical evidence, or tangible things relating to or concerning Marshall Morgan, Sr., including but not limited to any such documents obtained from the Chicago Police Department, the Office of the Cook County State's Attorney, the Cook County Public Defender's Office, the State Appellate Defender's Office, private attorneys and appointed attorneys.

**ANSWER:** Plaintiff objects to this request to the extent it seeks any document protected by the attorney-client privilege, attorney work product doctrine or any other applicable privilege. Plaintiff further objects to this request in that it is duplicative of several other of Defendant's Requests.

Subject to and without waiving the foregoing objections, Plaintiff refers and incorporates herein his responses to Requests Nos. 16-22.

24.     Any and all documents, police reports, medical reports, photographs, laboratory reports, forensic reports, correspondence, exhibits, court filings, insurance reports or records, physical evidence, or tangible things relating to or concerning the homicides of Deborah Jackson, Michelle Soto, and William Hall, including but not limited to any such documents obtained from the Chicago Police Department.

15

**ANSWER:** Plaintiff objects to this request to the extent it seeks any document protected by the attorney-client privilege, attorney work product doctrine or any other applicable privilege. Plaintiff further objects to this request in that it is duplicative of several other of Defendant's Requests.

Subject to and without waiving the foregoing objections, Plaintiff has produced documents responsive to this request in his Rule 26(a)(1) disclosures, *see* HOOD1427-2108.

25. Any and all physical evidence, objects and tangible things the Plaintiffs and/or their attorneys have knowledge of concerning or relating to the incidents alleged in the Complaints, including but not limited to any evidence impounded by the Circuit Court of Cook County in the underlying criminal proceedings.

**ANSWER:** Plaintiff objects to this request on the grounds that it seeks information that is in Defendants' possession, is publicly available to Defendants, third parties, or is in the public domain, and is thus as easily obtained by Defendants as by Plaintiff. Plaintiff further objects to this request to the extent it purports to request that Plaintiff produce documents of which him or his attorneys "have knowledge" even if those documents are not in his possession, custody, or control. Plaintiff objects to this request as overly broad and unduly burdensome.

Subject to and without waiving the foregoing objection, Plaintiff responds that he does not have any physical evidence, objects and tangible things responsive to this request in his possession, custody or control.

26. Any and all police reports, court records, notes, transcripts, correspondence, or other documents relating to any occurrence (other than those alleged in the Complaints)

16

wherein the Plaintiffs were accused of violating the law, including but not limited to any conviction, arrest, traffic stop, detention, commitment, juvenile arrest, juvenile detentions, juvenile station adjustments, or court intervention by any local, state, or federal governmental entity, juvenile authority or law enforcement agency.

**ANSWER:** Plaintiff objects to this request on the grounds that it seeks information that is in Defendants' possession, is publicly available to Defendants, third parties, or is in the public domain, and is thus as easily obtained by Defendants as by Plaintiff. Plaintiff also objects to this request as seeking irrelevant information. Plaintiff further objects to the extent this request seeks work product or attorney-client communications.

Subject to and without waiving the foregoing objection, Plaintiff has produced documents responsive to this request in his Rule 26(a)(1) disclosures, *see* HOOD1554, 1667-1668.

27.     Any and all documents relating to any alibi Plaintiffs claim for the murder of Marshall Morgan, Jr. for which Plaintiffs were charged and prosecuted, including but not limited to, the names, addresses and phone numbers of any alibi witnesses, subpoenas for alibi witnesses, and any court document, pleading or discovery in which Plaintiffs asserted an alibi defense or identified alibi witnesses.

**ANSWER:** Plaintiff objects to this request to the extent it seeks any document protected by the attorney-client privilege, attorney work product doctrine or any other applicable privilege.

Subject to and without waiving the foregoing objections, Plaintiff had provided information responsive to this request in their Rule 26(a)(1) Initial Disclosures and production.

17

*See* HOOD1-3940. Investigation continues and Plaintiff will seasonably supplement his production if additional responsive, non-privileged materials are obtained.

28.    Any and all documents and physical evidence that relates to, indicates, or evidences that Plaintiffs Wayne Washington and Tyrone Hood did not participate in or were not the perpetrators of the murder of Marshall Morgan, Jr. for which they were charged and prosecuted, including but not limited to, the name, address and phone number of any person(s) plaintiff claims are the true participant(s) or perpetrator(s) of the crime, any suspects of the crime, any subpoenas for other suspects, participants and/or perpetrators, and any court document, pleading or discovery in which Plaintiffs asse1ied that someone other than themselves were the true participant(s) or perpetrator(s) of the crime.

**ANSWER:**    Plaintiff objects to this request to the extent it seeks any document protected by the attorney-client privilege, attorney work product doctrine or any other applicable privilege. Plaintiff further objects to the extent this request seeks identification or production of documents of which he does not have personal knowledge and/or that are outside his possession, custody, or control.

Subject to and without waiving the foregoing objections, Plaintiff provided information responsive to this request in their Rule 26(a)(1) Initial Disclosures and production. *See* HOOD1-3940. Investigation continues and Plaintiff will seasonably supplement his production if additional responsive, non-privileged materials are obtained.

29.    Any and all documents, reports, photographs or other tangible things that relate to, indicate or evidence that the identifications of Plaintiffs Wayne Washington and Tyrone Hood as the perpetrators of or involvement in Marshall Morgan, Jr.'s murder made by

18

witnesses Joseph West, Jody Rogers, Michael Rogers, Emanuel Bob, or any other witnesses, were incorrect, mistaken, false or fabricated.

**ANSWER:** Plaintiff objects to this request to the extent it seeks any document protected by the attorney-client privilege, attorney work product doctrine or any other applicable privilege.

Subject to and without waiving the foregoing objections, Plaintiff had provided information responsive to this request in their Rule 26(a)(1) Initial Disclosures and production. *See* HOOD1-3940. Investigation continues and Plaintiff will seasonably supplement his production if additional responsive, non-privileged materials are obtained.

30. Any and all reports, protocols, notes and results of any polygraph examinations of the Plaintiffs, witnesses, suspects, or any other individuals taken by any law enforcement agency or any other person, entity or organization concerning the murder of Marshall Morgan, Jr., in connection with the Chicago Police Department investigation or any other investigation of the murder, the underlying criminal proceedings, Plaintiffs' appeals, post-conviction proceedings, petitions for clemency, certificate of innocence proceedings, and Plaintiffs' civil lawsuits against Defendants.

**ANSWER:** Plaintiff objects to this request on the grounds that the information sought is in Defendants' possession, is publicly available to Defendants, third parties, or is in the public domain, and is thus as easily obtained by Defendants as by Plaintiff.

Subject to and without waiving the foregoing objections, Plaintiff provided information responsive to this request in his Rule 26(a)(1) disclosures. *See* HOOD1-3940.

19

31.     Any and all records relating to any pre-sentence investigation, post-trial investigation, IQ test, fitness to stand trial evaluation, mental health evaluation, or competency evaluation of the Plaintiffs conducted in connection with the underlying criminal proceedings, Plaintiffs' appeals, post-conviction proceedings, certificate of innocence proceedings, and Plaintiffs' civil lawsuits against Defendants.

**ANSWER:** Plaintiff objects to this request on the grounds that the information sought is in Defendants' possession, is publicly available to Defendants, third parties, or is in the public domain, and is thus as easily obtained by Defendants as by Plaintiff. Plaintiff further objects to the extent it seeks privileged medical or mental health information, or work product, that is not subject to discovery.

Subject to and without waiving the foregoing objections, Plaintiff provided information responsive to this request in his Rule 26(a)(1) disclosures. *See* HOOD1-3940. Investigation continues and Plaintiff will seasonably supplement his production if additional responsive, non-privileged materials are obtained.

32.     Any and all documents relating to or evidencing any learning, reading, writing, educational, mental, physical or emotional disability the Plaintiffs suffered from or had suffered from at the time of the events and interaction with the Defendants as alleged in the Complaints herein.

**ANSWER:** Plaintiff objects to this request on the grounds that the information sought is in Defendants' possession, is publicly available to Defendants, third parties, or is in the public domain, and is thus as easily obtained by Defendants as by Plaintiff. Plaintiff further objects to the extent it seeks privileged medical or mental health information, or work

20

product, that is not subject to discovery.

Subject to and without waiving the foregoing objections, Plaintiff's investigation continues and Plaintiff will seasonably supplement his production if additional responsive, non-privileged materials are obtained.

33.    Any and all documents relating to Plaintiffs' detention and/or incarceration at the Illinois Department of Corrections (IDOC), the Cook County Department of Corrections (CCDOC), or other entity of incarceration, including but not limited to, any records of intake and confinement, intake photos, intake sheets, inmate histories, housing arrangements, disciplinary records, work assignments, employment records, visitor records, telephone records, medical and/or psychological screening upon intake and any subsequent medical and/or psychological examination and treatment during confinement, including histories, examinations, subjective complaints and objective findings, diagnoses and prognoses.

**ANSWER:**    Plaintiff has produced any documents responsive to this request as HOOD4091-5516.

34.    All documents indicating the identity, location and telephone number of any witness.

**ANSWER:**    Plaintiff objects to the request for "all documents" relating to the identity, location and telephone number of "any witness" as overly broad and as seeking irrelevant information, and to the extent it seeks information protected by the work product doctrine. Plaintiff will provide the information that Rule 26(a)(1) requires, and he refers Defendants to his Rule 26(a)(1) Initial Disclosures, which he incorporates herein.

21

35.     All documents relating to Communications or contacts between the Plaintiffs and any person (other than your attorneys), including any Defendant, concerning the subject matter of Plaintiffs' complaints herein.

**ANSWER:**   Plaintiff objects to this request to the extent it seeks any document protected by the attorney-client privilege, attorney work product doctrine or any other applicable privilege. Plaintiff further objects to this request as overly broad and unduly burdensome in that is seeks all communications and contacts Plaintiff has had with anyone concerning the subject matter of his complaint for an unlimited time period. Plaintiff objects to this request to the extent it is so broad and can be interpreted to include any conversation Plaintiff has with anyone regarding his wrongful conviction or imprisonment.

Subject to and without waiving the foregoing objections, Plaintiff has produced documents responsive to this request in his Rule 26(a)(1) disclosures that include Plaintiff's contact with Defendants, witnesses and the media concerning the subject matter alleged in the complaint. *See* HOOD1-3940. Plaintiff also refers and incorporates herein his response to Request No. 48. Plaintiff's investigation continues and Plaintiff will seasonably supplement his production if additional responsive, non-privileged materials are obtained.

36.     A curriculum vitae or list of qualifications for each and every expert witness who you expect to call to testify at trial.

**ANSWER:**   Plaintiff states that he will comply with the Court's expert discovery schedule and Rule 26(a)(2) and objects to this request to the extent it purports to require any information beyond that.

37.     Any and all reports and opinions rendered by any expert witness you expect to call to testify at trial in this case, and all memos, reports, articles, treatises, journals, studies, or other documents and physical evidence relied upon, consulted, or reviewed by the expert in connection with this litigation.

**ANSWER:** Plaintiff objects that this request seeks information protected from discovery by Federal Rule of Civil Procedure 26(a)(2). Plaintiff objects to this request as overly broad and unduly burdensome.  Plaintiff further objects to the extent it seeks materials that are protected from disclosure by the attorney-client privilege or the work product doctrine, or by any other applicable privilege. Plaintiff finally objects on the ground that it seeks information that it in the possession of Defendants, third parties, or is in the public domain, and is thus as easily obtained by Defendants as by Plaintiff.

Subject to and without waiving the foregoing objections, Plaintiff states that he will comply with the Court's expert discovery schedule and Rule 26(a)(2) and objects to this request to the extent it purports to require any information beyond that.

38.     Any and all reports and opinions rendered by any expert witness you expect to call to testify at trial in this case that have been disclosed in other litigation, and any and all transcripts of depositions or court proceedings in which said experts have testified in other litigation.

**ANSWER:** Plaintiff objects that this request seeks information protected from discovery by Federal Rule of Civil Procedure 26(a)(2). Plaintiff objects to this request as overly broad and unduly burdensome in that it seeks all reports, opinions, depositions and court proceedings at which experts have testified in other litigation.  Plaintiff further objects to the extent it seeks materials that are protected from disclosure by the attorney-client privilege or the work product

23

doctrine, or by any other applicable privilege. Plaintiff finally objects on the ground that it seeks information that it in the possession of Defendants, third parties, or is in the public domain, and is thus as easily obtained by Defendants as by Plaintiff.

Subject to and without waiving the foregoing objections, Plaintiff states that he will comply with the Court's expert discovery schedule and Rule 26(a)(2) for required expert disclosures, including subsection (v), which requires Plaintiff to provide "a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition."

39.    Any and all files, records, complaints, and documents concerning the Individual Defendants, including but not limited to, documents regarding allegations of misconduct by the Individual Defendants concerning the subject matter of Plaintiffs' complaints herein and any other incident(s) or matter(s).

**ANSWER:**    Plaintiff objects on the ground that this requests seeks information that it in the possession of Defendants, and is thus more easily obtained by Defendants as by Plaintiff.

Subject to and without waiving the foregoing objections, Plaintiff has produced documents responsive to this request in his Rule 26(a)(1) disclosures, *see* HOOD1-3940. Investigation continues, and Plaintiff will seasonably supplement his production if additional responsive, non-privileged materials are obtained.

40.    Any and all files, records, petitions and documents filed with or received from the Illinois Prisoner Review Board, the Office of the Governor of the State of Illinois, or any other federal, state or local agency concerning any petition for executive clemency by Plaintiffs and the commutation of Plaintiff Hood's sentence for the murder of Marshall Morgan, Jr., including but not limited to any Communications with the Illinois Prisoner Review Board, the Office of the Governor of the State of Illinois, and former governor

Patrick Quinn in his civilian or unofficial capacity.

**ANSWER:** Plaintiff objects to the extent that this request may seek irrelevant information that is unrelated to the claims or defenses alleged in this case.

Subject to and without waiving the foregoing objections, Plaintiff produced documents responsive to this request in his Rule 26(a)(1) disclosures. *See* HOOD1-3940.

41. Any files, records, petitions, motions, orders or other documents filed with or received from any court concerning any certificate of innocence for Plaintiffs.

**ANSWER:** Plaintiff produced documents responsive to this request in his Rule 26(a)(1) disclosures. *See* HOOD1-3940. Plaintiff's certificate of innocence proceeding is ongoing and Plaintiff will seasonably supplement his production if additional responsive, non-privileged materials are obtained.

42. Any and all news media (radio, television, newsprint or other) accounts and reports of Marshal Morgan, Jr.'s disappearance and murder, Plaintiffs' arrests, charging, prosecution, conviction, imprisonment, release from custody, the filing and prosecution of the civil lawsuits herein, and any of the incidents, events or occurrences that form the basis of Plaintiffs' Complaints herein, including but not limited to, newspaper articles, audiotapes of radio broadcasts, television videotapes, and statements given by Plaintiffs and/or their attorneys to the news media.

**ANSWER:** Plaintiff objects on the ground that this seeks information that it in the possession of Defendants, third parties, or is in the public domain, and is thus as easily obtained by Defendants as by Plaintiff. Plaintiff objects to this request to the extent it is meant to be read as asking him to conduct a search of publicly available media reports or articles that he does not

already have a copy of.

Subject to and without waiving the foregoing objections, Plaintiff produced documents responsive to this request in his Rule 26(a)(1) disclosures. *See* HOOD1-3940.

43.     Any and all reports or documents referred to or identified in any interrogatory answer made by Plaintiffs in this litigation.

**ANSWER:**    Plaintiff objects to this request as premature because no interrogatories have been served on Plaintiff in this litigation.  Plaintiff further objects to this request to the extent that it is redundant and duplicative of other requests.

44.     All documents referring, reflecting or otherwise relating to any employment or independent contractor positions Plaintiffs have held since their release from prison, including but not limited to parole documents and Plaintiffs' efforts to gain employment, including employment applications.

**ANSWER:**  Plaintiff objects to this request as overly broad and unduly burdensome. Plaintiff further objects to the extent that this request seeks irrelevant information.

Subject to and without waiving the foregoing objections, Plaintiff will produce documents relating this current employment with PACE once a protective order is entered in this case.

45.     Any diaries, diary entries, log books, notes or other writings (written, electronic or otherwise) of any type, kind or nature that make reference to the murder of Marshall Morgan, Jr., Plaintiffs' arrest and prosecution, Defendants, or any other allegations or subject contained in the Complaints herein and/or your thoughts or feelings about your arrest, prosecution, conviction and/or incarceration.

26

**ANSWER:** Plaintiff objects to this request to the extent it seeks any document protected by the attorney-client privilege, attorney work product doctrine or any other applicable privilege.

Subject to and without waiving the foregoing objections, Plaintiff states that he has no non-privileged documents responsive to this request.

46. All documents referring, reflecting or otherwise relating to or establishing Plaintiffs' whereabouts on May 8, 1993 through May 17, 1993.

**ANSWER:** Plaintiff objects to this request to the extent it seeks any document protected by the attorney-client privilege, attorney work product doctrine or any other applicable privilege.

Subject to and without waiving the foregoing objections, Plaintiff produced documents responsive to this request in his Rule 26(a)(1) disclosures. *See* HOOD1-3940 and is additionally producing documents responsive to this request as HOOD5938-5947.

47. All documents, photographs, recordings, or other evidence reflecting, referring or otherwise relating to Plaintiffs' membership in any gang at any time.

**ANSWER:** Plaintiff objects to this request to the extent it assumes he has ever been a gang member, which he has not.

Subject to and without waiving that objection, Plaintiff has no documents responsive to this request.

48. Any and all Communications, including letters, emails or any other correspondence Plaintiffs sent to or received from anyone other than their attorneys, while in the custody of the Illinois Department of Corrections or the Cook County Department of

Corrections regarding any of the incidents, events or occurrences that form the basis of Plaintiffs' Complaints herein.

**ANSWER:** Plaintiff objects to this request as overly broad and unduly burdensome. Plaintiff objects that it is not reasonably limited by subject matter or temporal scope. Plaintiff further objects to this request to the extent that it seeks irrelevant information that is unrelated to claims or defenses alleged in the case. Plaintiff finally objects that he has not maintained all correspondence that he had with all individuals during his more than two decades of wrongful imprisonment.

Subject to and without waiving the foregoing objections, Plaintiff will produce all non-privileged documents in his possession, custody or control that he was able to locate after conducting a reasonable search responsive to this request.

49. All documents obtained via subpoena in this litigation regarding Plaintiffs civil lawsuits against Defendants or in the underlying criminal proceedings.

**ANSWER:** Plaintiff objects to this request as overly broad and unduly burdensome, and that it seeks material protected by HIPAA, MHDDCA, the psychotherapist-patient privilege as, and any other applicable privileges or protections. Plaintiff further objects to the extent that this request seeks materials that are protected from disclosure by the attorney-client privilege or the work product doctrine. Plaintiff further objects that this request is duplicative of several other requests. *See, e.g.*, Requests Nos. 16-18.

Subject to and without waiving the foregoing objections, Plaintiff is producing documents responsive to this request as:

- HOOD4091-5516 – documents Plaintiff obtained in response his subpoena to IDOC

- HOOD3941-4090 – documents Plaintiff obtained in response to his subpoena to ISP

- HOOD5923-5934 – documents Plaintiff obtained in response to his subpoena to IIT

- HOOD5935-5937 – documents Plaintiff obtained in response to his subpoena to Channel 7

- PD SUBPOENA RESP 1-2999 – documents Plaintiff obtained in response to his subpoena to Cook County Public Defender's Office

Plaintiff will produce any non-privileged documents that he obtains via subpoena to third-parties if he obtains any documents via subpoena in the future.

50.     All statements of any person interviewed by you or anyone on your behalf, including your attorneys, investigators, and agents, and any affidavits obtained as a result thereof, in connection with the Marshall Morgan, Jr. murder, the underlying criminal proceedings, Plaintiffs' appeals, post-conviction proceedings, petitions for clemency, certificate of innocence proceedings, and Plaintiffs' civil lawsuits against Defendants.

**ANSWER:** Plaintiff objects to this request on the basis that it seeks protected work product.

Subject to and without waiving the foregoing objection, Plaintiff states that he will produce any sworn statements provided to him or his attorneys and that are relevant to the claims or defenses in this lawsuit.

51.     Any and all "demonstrative" aids or exhibits which may be used at trial. To the extent responsive documents become available prior to the close of the discovery period, please seasonably supplement your Responses.

**ANSWER:** Plaintiff objects to this request on the basis that it is premature and seeks protected work product.

Subject to and without waiving the foregoing objections, Plaintiff states that he will comply with the Court's pretrial disclosure schedule and will seasonably supplement his production if and as responsive, non-privileged materials are obtained, in accordance with the Court's pretrial disclosure schedule.

52.     All documents you may use to impeach any of Defendants' witnesses.

**ANSWER:** Plaintiff objects to this request on the basis that it is premature and seeks protected work product.

53.     All documents relating to any and all criminal convictions of any person disclosed by any of the parties under Rule 26 or in response to interrogatories.

**ANSWER:**     Plaintiff objects to this request on the grounds that the information sought is in Defendants' possession, is publicly available to Defendants, third parties, or is in the public domain, and is thus as easily obtained by Defendants as by Plaintiff. Plaintiff further objects to this request as unduly burdensome and unfair to the extent that is seeks to have Plaintiff conduct searches for any person disclosed by any party, including Defendants, for their criminal convictions.

Subject to and without waiving the foregoing objections, Plaintiff has produced all documents in his possession, custody or control responsive to this request in his Rule 26(a)(1) disclosures 1-3940 and in his response to Request No. 21. *See, e.g.*, HOOD11975-13030. Plaintiff objects to the extent that this request seeks to require Plaintiff to conduct Defendants' own investigation and Plaintiff has not affirmatively sought to search any and all witnesses disclosed by the parties for their criminal histories.

54.     Any and all Communications, including letters, emails, social media (e.g. Twitter, Facebook), or any other correspondence between the news media and Plaintiffs or anyone acting on their behalf, including but not limited to their attorneys and investigators, relating to the Marshall Morgan, Jr. homicide, any of the incidents, events or occurrences that form the basis of Plaintiffs' Complaints herein, Marshall Morgan, Sr., the Michelle Soto homicide, the William Hall homicide, the Deborah Jackson homicide, the underlying criminal proceedings, Plaintiffs' appeals, post-conviction proceedings, petitions for clemency, certificate of innocence proceedings, and Plaintiffs' civil lawsuits against Defendants.

**ANSWER:**    Plaintiff objects to this request to the extent that it seeks any communications that are unrelated to "any of the incidents, events or occurrences that form the basis of Plaintiff's Complaint." Plaintiff further objects to the extent that this request seeks information in Defendants' possession, is publicly available to Defendants, third parties, or is in the public domain, and is thus as easily obtained by Defendants as by Plaintiff.

Subject to and without waiving the foregoing objections, Plaintiff will produce all non-privileged documents responsive to this request. Plaintiff is in the process of conducting reasonable searches for such responsive documents and will seasonably supplement his production with documents responsive documents.

55.     All documents relating to any civil action to which you have been a party to, including but not limited to depositions you have given and statements or affidavits you have signed under oath.

**ANSWER:**    Plaintiff states that no documents exist responsive to this request.

56.     All documents and transcripts relating to any civil action in which any of the Individual Defendants have been named as a party-defendant, including but not limited to *King v. Lenihan, et al.,* United States District Court for the Northern District of Illinois, Eastern Division Case No. 93 C 3532.

**ANSWER:**    Plaintiff further objects to the extent it seeks materials that are protected from disclosure by the attorney-client privilege or the work product doctrine, or by any other applicable privilege. Plaintiff objects to this request on the grounds that the information sought is in Defendants' possession, is publicly available to Defendants, third parties, or is in the public domain, and is thus as easily obtained by Defendants as by Plaintiff. Plaintiff further objects to the extent that this request seeks to require Plaintiff to conduct investigation for Defendants of their own testimony in prior cases in which they were named Defendants, to the extent that Defendants are in a better position to have knowledge of such prior testimony. Plaintiff further objects to the extent that this request could be interpreted to require Plaintiff to conduct an affirmative search for testimony or transcripts that may exist which are not in Plaintiff's possession custody or control.

Subject to and without waiving the foregoing objections, Plaintiff has produced all documents in his possession, custody or control that he was able to locate after conducting a reasonable search responsive to this request as HOOD13039-13170. Investigation continues, and Plaintiff will seasonably supplement their production if additional responsive, non-privileged materials are obtained.

57.     Any and all insurance documents, reports, claims, investigations, policies, policy applications, from any insurance company relating to Marshall Moran, Sr., Michelle Soto, and Marshall Morgan, Jr.

**ANSWER:** All documents in Plaintiff's possession, custody, or control responsive to this request have been produced as part of Plaintiff's Rule 26(a)(1) disclosures as HOOD1-3940, and in response to his subpoena to Allstate Insurance Company as HOOD5517-5922.

58. Any and all documents relating to any Complaint Register (CR) investigation done by Office of Professional Standards, Independent Police Review Authority, or Chicago Police Department Internal Affairs Division as a result of any complaint made by Wayne Washington, Tyrone Hood, Terry King or David Carter, or any person acting on their behalf.

**ANSWER:** Plaintiff objects to this request on the grounds that the information sought is in Defendants' possession, is publicly available to Defendants, third parties, or is in the public domain, and is thus as easily obtained by Defendants as by Plaintiff.

Subject to and without waiving the foregoing objections, Plaintiff has produced any documents responsive to this request after conducting a reasonable search that are in his possession, custody or control as HOOD6973-6915.

59. All Documents, other than those produced in response to the foregoing requests, that refer, reflect or otherwise relate to the incidents, events or occurrences alleged in Plaintiffs' Complaints, and which Plaintiffs contend support any of their claims against any Defendant in this case.

**ANSWER:** Plaintiff objects to this request to the extent that it is overly broad, unduly burdensome and duplicative of all of the other requests in Defendant's First Set of Requests for Production.

Subject to and without waiving the foregoing objection, Plaintiff refers and

incorporates herein his responses to Requests Nos. 1-58.

Respectfully submitted,

/s/ Heather Lewis Donnell
*One of Plaintiff's Attorneys*

Jon Loevy
Gayle Horn
Roshna Bala Keen
Heather Lewis Donnell
Elizabeth Mazur
Loevy & Loevy
311 North Aberdeen St., 3d Floor
Chicago, Illinois 60607
(312) 243-5900

## CERTIFICATE OF SERVICE

I, Heather Lewis Donnell, an attorney, certify that on July 20, 2016 I served the attached
discovery responses to all counsel of record via email.

/s/ Heather Lewis Donnell