IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TYRONE HOOD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 16 C 1970 |
| ) | |
| CITY OF CHICAGO, et al., ) | Magistrate Judge |
| ) | Maria Valdez |
| Defendants. ) | |

## ORDER

This matter is before the Court on Defendants' Motion to Compel Answers to Certain Deposition Questions from the Exoneration Project's Rule 30(b)(6) Designee Karl Leonard [Doc. No. 352]. For the reasons that follow, Defendants' motion is denied.

## BACKGROUND[1]

This case concerns Plaintiff Tyrone Hood's claim of wrongful conviction against the City of Chicago and its employee officers.[2] In 2008, Plaintiff retained the Exoneration Project ("EP"), a legal clinic at the University of Chicago Law School conducted by Loevy & Loevy, Plaintiff's law firm of record, to represent him

---

[1] The Court presumes the parties' familiarity with the facts of the case and recites only the facts that are relevant to the underlying motion.

[2] Wayne Washington, Plaintiff's co-defendant in the underlying criminal case, has a nearly identical suit against Defendants, and the cases have been consolidated for pretrial purposes. (*See Washington v. Boudreau*, No. 16 C 1893). The present motion is brought only in the case of Plaintiff Hood.

in his post-conviction proceedings. In August 2014, *The New Yorker* magazine published an article about Plaintiff's criminal case. In November 2014, Plaintiff filed a clemency petition with Former Illinois Governor Patrick Quinn. In conjunction with the request, the EP posted to its social media accounts and initiated an online petition on Change.org. Plaintiff's case garnered the attention of celebrities and other media outlets that also reported on his case.

In January 2015, Gov. Quinn commuted Plaintiff's sentence to time served, and in February 2015, the State of Illinois dismissed all charges against him. After Plaintiff was released from prison, EP attorney Karl Leonard participated in a panel discussion at the University of Chicago Law School, which discussed, in part, the role the media played in Plaintiff's case. Defendants argue that a media campaign was designed to try Plaintiff's case, unopposed, in the court of public opinion as a way to pressure public officials, including Gov. Quinn and the former Cook County State's Attorney Anita Alvarez, into releasing Plaintiff.

During the course of discovery in this case, Defendants sought to depose Gov. Quinn concerning his decision-making role in granting the commutation. Because Plaintiff was not willing to say that he would not try to rely on the commutation decision at trial, the Court allowed the discovery and Defendants took written and oral discovery on this issue, including deposing Gov. Quinn about the impact of media on his decision to commute, and EP counsel's communications with media. Defendants also obtained through a third-party subpoena issued to the University of Chicago all of its non-privileged communications regarding the case.

Nonetheless, toward the end of fact discovery, Defendants sought additional information in support of its potential argument that Gov. Quinn granted the commutation due to outside pressure rather than evidence of innocence, including a Rule 30(b)(6) deposition of EP attorney Leonard, concerning the EP's general goals and media strategy and details of certain personnel moves.[3] Plaintiff objected to a number of those questions, contending that they were irrelevant and some information was also protected from disclosure by the work product doctrine. Defendants now seek to re-depose and compel answers to certain questions pertaining to Plaintiff's media strategy that were objected to during Leonard's deposition, arguing that Plaintiff lacks standing to raise relevancy objections; the work product privilege does not apply to Plaintiff's media strategy and none of the questions Leonard refused to answer involved litigation strategy or were outside the scope of the notice; and alternatively, any work product protection was waived at the panel discussion.

## DISCUSSION

Defendants argue that Plaintiff lacks standing to assert any objections based on relevancy to a subpoena served on a third party. Defendants are correct that "[o]rdinarily, a party has no standing to seek to quash a subpoena issued to someone who is not a party to the action unless the party claims some personal right or privilege with regard to the documents sought." *Kessel v. Cook County*, No.

---

[3] In August 2019, Plaintiff moved to quash Defendants' subpoena for deposition of the EP employee Eva Nagao. The parties ultimately resolved their dispute without Court intervention, agreeing to a Rule 30(b)(6) deposition of the EP, with Leonard as its designee.

00 C 3980, 2002 WL 398506 at *1-2 (N.D. Ill. Mar. 13, 2002); *see also Buonavolanto v. LG Chem, Ltd.*, No. 18 C 2802, 2019 WL 8301068, at *2 (N.D. Ill. Mar. 8, 2019) (finding no standing to quash a nonparty subpoena on basis that the subpoenas went "beyond the scope of discovery as outlined by Rule 26").

However, the Court "enjoy[s] extremely broad discretion" in managing discovery, *see Jones v. City of Elkhart, Ind.*, 737 F.3d 1107, 1115 (7th Cir. 2013), and it is the "power—and duty—of the district courts [to] actively [ ] manage discovery and to limit discovery that exceeds its proportional and proper bounds." *Noble Roman's, Inc. v. Hattenhauer Distrib. Co.*, 314 F.R.D. 304, 306 (S.D. Ind. 2016). In supervising discovery in the case, this Court "must limit the frequency or extent of discovery otherwise allowed by [the] rules" if "the discovery sought is unreasonably cumulative or duplicative" or "the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C). Under this gatekeeping role, the Court will independently review the questions at issue for relevancy.

A party may "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense-including the existence, description, nature, custody, condition, and location of any documents or other tangible things. . . ." Fed. R. Civ. P. 26(b)(1). "For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." *Id*. The scope of relevancy under Rule 26 is broad: "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible

4

evidence." *Id.*; *see also Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 350–51, (1978).

This Court determined that Gov. Quinn's reasons for granting a commutation were an appropriate avenue of discovery because Plaintiff has not foreclosed relying on evidence of the commutation in support of his case of innocence at trial. The questions at issue, however, do not focus on the possible motivations for the commutation, but instead on the EP's personnel issues and media strategy that were unknown to the governor.

Defendants contend that the information sought is relevant to their defense that the clemency petition was the culmination of a carefully crafted and intense media campaign. But it appears that Gov. Quinn testified in his deposition that none of the media stories had a role in his decision to commute Plaintiff's sentence. Thus, the witness denies that the specific tactics used in Plaintiff's case had any bearing on the decision, and the nuts and bolts of a third-party organization's general media tactics and strategy are far outside even an extremely broad definition of relevancy.[4] Because the questions to which Defendants seek responses bear no resemblance to relevant information under Rule 26(b)(1), this Court cannot compel Leonard to be redeposed. *See, e.g., United States v. Hamdan*, 910 F.3d 351, 358 (7th Cir. 2018) (holding district court did not err in quashing subpoenas of Wisconsin state troopers where proposed testimony was irrelevant and could have caused confusion and prejudice); *Uppal v. Rosalind Franklin Univ. of Med. & Sci.*,

---

[4] The Court need not address the Plaintiff's arguments on privilege since the questions are deemed irrelevant and not subject to disclosure.

5

124 F. Supp. 3d 811 (N.D. Ill. 2015) (granting motion to quash subpoena calling for testimony of hospital director who was not likely to possess any relevant information).

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Compel Answers to Certain Deposition Questions from the Exoneration Project's Rule 30(b)(6) Designee Karl Leonard [Doc. No. 352] is denied.

**SO ORDERED.**  **ENTERED:**

*[signature: Maria Valdez]*

**DATE:   July 1, 2020**

  **HON. MARIA VALDEZ**
  **United States Magistrate Judge**